UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DETROIT UNITY FUND,**
a Michigan nonprofit corporation,
**VIRGIL SMITH,**
an individual,

        Plaintiffs,

vs.

**GRETCHEN WHITMER,**
Governor of Michigan,
**JOCEYLN BENSON,**
Secretary of State,
**JONATHAN BRATER, LLC,**
Director of Michigan Bureau of Elections
**JANICE WINFREY**
Detroit City Clerk,

        Defendants.

Case No.
Honorable

---

Michael Griffie (P79836)
BUTZEL LONG, a professional corporation
150 West Jefferson Suite 100
Detroit, Michigan 48226
(313) 225-7000
griffie@butzel.com
Attorney for Plaintiffs

---

## VERIFIED COMPLAINT FOR LIMITED INJUNCTIVE AND OTHER RELIEF

Plaintiffs **DETROIT UNITY FUND** and **VIRGIL SMITH** (collectively "Plaintiffs") for its Verified Complaint against Defendants Gretchen Whitmer, Jocelyn Benson, and Jonathan Brater, and Janice Winfrey (collectively, "Defendants").

1. This action arises out of Defendants requirement for Plaintiff to submit nine thousand seven hundred and thirteen signatures for a proposed ballot initiative under M.C.L§ 168.488 and M.C.L§ 168.646(a) by 5:00 p.m. on July 28, 2020 pursuant to M.C.L§ 168.646(a) in light of the global pandemic and severe restrictions placed on public gatherings. Such ballot access procedure violates rights guaranteed under the First and Fourteenth Amendments of the United States Constitution.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff Detroit Unity Fund is a 501(C)(4) Social Welfare Organization with its principal place of business in Detroit, Michigan.

3. Plaintiff Virgil Smith is a resident of Detroit, Michigan and the resident agent of Detroit Unity Fund.

4. Defendant Gretchen Whitmer is the Governor of Michigan. Governor Whitmer has authority over the enforcement of the Michigan Election Code during a state of emergency and otherwise. Plaintiff assert claims against Governor Whitmer in her official capacity. Governor Whitmer's official address is P.O. Box 15282, Lansing, MI 48901.

5. Defendant Jocelyn Benson is the Secretary of State of Michigan Secretary Benson is the State's chief elections official and has ultimate authority over the enforcement of the Michigan Election Code, including the provisions

challenged herein. The Plaintiffs assert their claims against Secretary Benson in her official capacity only. Secretary Benson's official address is 430 W. Allegan, Lansing, Michigan 48933

6. Defendant Jonathan Brater is the Director of Michigan Bureau of Elections. Director Brater accepts and reviews initiative petition filings, assists county and local election officials with their administrative duties, and administers the State's electoral process and Campaign Finance Act. The Plaintiffs assert their claims against Director Brater in his official capacity only. Director Brater's official address is Bureau of Elections, 430 W. Allegan, Lansing, Michigan 48933.

7. Defendant Janice Winfrey is the Detroit City Clerk. Ms. Winfrey presides over the Detroit Department of Elections.

8. Subject matter jurisdiction in this case with respect to Defendant is based on 28 U.S.C. §1331.

9. Venue is proper in this Court because certain events giving rise to the claims occurred in this district and Defendant is subject to personal jurisdiction in this district.

## GENERAL ALLEGATIONS

10. Detroit Unity Fund's mission is to improve the health, safety and welfare to the citizens of Detroit and have dedicated their time, money, and other resources, to advance the ballot initiative petition to place a recreational marihuana

3

ordinance on the ballot stemming from the inaction of government officials in Detroit to pass necessary legislation pursuant to the Michigan Regulation and Taxation of Marihuana Act which will increase much needed tax revenue to the City of Detroit and provide social equity considerations to those affected by the prohibition of Marihuana through such an ordinance.

11. Pursuant to Michigan election law, to appear on the official general ballot, proponents of the initiative are required to file with the Detroit City Clerk's office by July 28, 2020, at nine thousand seven hundred and thirteen (9,713) signatures of qualified and registered electors residing in the state of Michigan. See M.C.L. 168.488.

12. Detroit Unity's campaign team has collected nearly five thousand valid signatures.

13. Michigan's ballot access procedure in combination with Governor Whitmer's March 24, 2020 Executive Order No. 020-21 (the "Stay-home Order"), violates rights guaranteed by the First and Fourteenth Amendments of the United States Constitution.

14. Defendants' refusal to unilaterally apply this Court's June 11, 2020, Order [Case No. 20-cv-11246] related to issue petitions, is a violation of the equal protection clause of the  of the Fourteenth Amendment of the United States Constitution. (**Exhibit A**).

15. The Michigan Regulation and Taxation of Marihuana Act allows individuals to petition to initiate an ordinance to provide for the number of marihuana establishments allowed within a municipality and must be signed by qualified electors in the municipality in a number greater than 5% of the votes cast for governor by qualified electors in the municipality at the last gubernatorial election. (**Exhibit B**).

16. 194,260 votes were cast in Detroit in the 2018 gubernatorial election and 5% of this total equals nine thousand seven hundred and thirteen (9,713).

17. The Michigan Secretary of State requires that Petitions to place county and local questions on the November 2020 general election ballot be submitted by 5:00 p.m. July 28, 2020 pursuant to M.C.L. 168.646(a).

18. Detroit Unity Fund, its staff, and several volunteers were diligently collecting signatures during the wake of the Governor's Stay at Home Order. Although Detroit Unity has collected a substantial number of signatures from qualified and registered electors, they have not yet obtained enough signatures to meet the statutory threshold to have the initiative placed on the November 3, 2020 general ballot.

19. Detroit Unity, its campaign team, and several volunteers and supporters have been working diligently, and have already collected approximately four thousand nine hundred and thirteen (4,913) valid signatures.

20. On or around March 15, 2020, President Trump rolled out his "15 days to slow the spread" initiative (the 'Initiative"). This Initiative, which was ultimately extended to April 30, 2020, asked people to practice social distancing and take other measures to prevent the spread of the novel SARS-CoV-2 virus ("Covid19").

21. To comply with this Initiative and protect Michigan's citizens, Detroit Unity and its campaign postponed many of its efforts to collect signatures.

22. On March 23, 2020, in response to the unprecedented Covid-19 pandemic, which has disrupted nearly every aspect of American life, Governor Whitmer issued Executive Order 2020-21 (the "Stay-home Order" or the "Order) (**Exhibit C**), which has now been extended several times.

23. The Stay-home Order further requires that Essential Workers who leave their homes must maintain social distancing standards by remaining at least six feet away from others.

24. The Stay-home Order does not create an exception for ballot initiative campaign staff, and even if an exception was created, it would still be impossible for petition circulators to visit homes and public facilities to collect signatures from supporters and other electors without causing those individuals to violate the Order.

25. The refusal of the Defendants to accommodate the hurdles created by the pandemic and the Stay-home Order resulted in a civil action being filed by a political candidate who faced the same challenges the Plaintiffs in this case are now facing. The Court in that case decided on behalf of the Plaintiff, and issued an Order to extend the filing deadline, to allow the use of electronic signatures, and to reduce the number of required signatures by fifty percent (50%). *See* 2:20-cv10831-TGB-EAS Esshaki V. Whitmer et al. **(Exhibit D)**

26. Although the deadlines and number of signatures required are different, this Court entered a similar Order for a state-wide issue ballot initiative. Yet, the Defendants refuse to apply the Court's June 11, 2020 decision to initiative petitions since the Plaintiffs in that matter voluntarily dismissed the case.

27. The Defendants' enforcement of the deadline and number of signatures required is inconsistent with other actions the Secretary of State has taken in these unprecedented times. The Secretary of State offices are closed, and because the closure of the offices are linked to the Stay-home Order, they are not expected to reopen until May 15, 2020, at the earliest. Additionally, the Secretary of State has indicated that it will conduct local elections in May 2020 through mail ballots, not in person.

28. Similarly, on March 25, 2020, recognizing the severity of this pandemic, Governor Whitmer issued Executive Order 2020-22, extending the canvassing deadline of the state's primary election to April 24, 2020. (**Exhibit E**).

29. These extraordinary measures underscore the challenges we face as a state and nation during this pandemic. There is, under these unprecedented circumstances, absolutely no compelling or legitimate state interest to enforce the Filing Deadline and signature requirement, and to do so is unconstitutional.

30. Collecting signatures is a time-consuming process, which requires close contact with electors who reside in the state.

31. Governor Whitmer's Stay-home Order has made it impossible to collect the required number of elector signatures by July 28, 2020, the deadline imposed under M.C.L. § 168.646(a).

32. The enforcement of that Deadline under these unprecedented circumstances, considering the Stay-home Order, is unconstitutional because it imposes signature requirements upon the Plaintiffs, and simultaneously strips them of the ability to meet those requirements. This effectively prevents the Plaintiffs, through no fault of their own, from getting their proposed ballot initiative on the ballot.

33. Over the last several months, Detroit Unity and its staff has expended countless hours and other resources campaigning for the proposed ballot initiative.

The enforcement of the Deadline and signature requirement severely injures Detroit Unity and its supporters, and continues to impose severe burdens on them because if it is enforced, the thousands of Detroit electors who have signed the petition, and the thousands more who wish to sign the petition, will not be able to make their signatures count, and to make their voices heard in the 2020 general election.

34. The Plaintiff, as well as the thousands of supporters across Detroit who support the ballot initiative, will be further injured and will suffer irreparable harm to their voting, speech, and associational rights because they will not be able to vote for an issue they wanted to make their voices heard on.

35. Defendants' refusal to apply the same rules to ballot initiative petitions that were ordered to be applied another issue petitions, will deny voters, including the Plaintiffs, with the opportunity to vote on an issue they worked diligently to get on the ballot. The Defendants' actions will serve to subvert our constitutional democracy by arbitrarily restricting Michigan electors right to support and vote for an initiative they choose to support.

36. If a preliminary injunction is not issued, as requested herein, immediate and irreparable injury will result to Plaintiffs Detroit Unity Fund and Virgil Smith before Defendants can be heard in opposition.

## COUNT I - VIOLATION OF FIRST AND FOURTEENTH AMENDMENT RIGHTS
*(Detroit Unity Fund M.C.L. § 168.488 as this sponsor unconstitutional of a ballot as initiative)*

37. The preceding Paragraphs 1 – 36 are hereby incorporated by reference.

38. Considering the existence of an unprecedented viral pandemic and Governor Whitmer's Stay-home Order, the application and enforcement of M.C.L. § 168.488 is unconstitutional as applied to Detroit Unity Fund because the enforcement of the statute would require Detroit Unity Fund to collect four thousand eight hundred more signatures by 5:00 p.m. July 28, 2020.

39. Defendants' actions effectively prohibit Detroit Unity Fund from getting the required number of signatures, and in turn, prevent Detroit Unity Fund from having the ballot initiative placed on the November 3, 2020, general ballot, which violates Detroit Unity Fund's freedom of speech and association, equal protection, and due process rights as guaranteed by the First and Fourteenth Amendments, and as enforced by 42 U.S.C. § 1983.

40. Defendants' failure to comply with this Court's order in SawariMedia LLC v. Gretchen Whitmer et al, in their enforcement of the statutory requirements in conjunction with the Stay-home Order make it virtually impossible for Detroit Unity Fund to get its ballot initiative completed. Under the circumstances, these requirements are burdensome, unreasonable, and are not narrowly tailored to meet

any compelling or legitimate state interest.

41. Moreover, the original requirements for political and judicial candidates seeking to secure placement on the ballot are no longer being enforced. Failure to apply the same rules to ballot initiatives is unequal protection of the law.

42. These violations immediately injure Detroit Unity Fund and will continue to injure Detroit Unity Fund in the future in the absence of relief from this Court.

### COUNT II –
### VIOLATION OF FIRST AND FOURTEENTH AMENDMENT RIGHTS
*(M.C.L. § 168.646a is unconstitutional to Plaintiff Virgil Smith as applied to registered voters)*

43. The preceding Paragraphs 1 – 42 are hereby incorporated by reference.

44. Plaintiff Smith is a registered voter. He has consistently voted in past primary and general elections, and he has a constitutional right to have his signature counted toward a ballot initiative, and to effectively cast his vote.

45. The unconstitutional exclusion of the initiative sponsored by Detroit Unity Fund through the unconstitutional enforcement of the Deadline and signature requirements deprives Plaintiff Smith of an effective choice at the ballot on an issue he wishes to vote on. It is wholly unreasonable, and fails to meet any compelling or legitimate state interest.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiffs request:

(1) That this Court issue a temporary restraining order, a preliminary injunction and thereafter a permanent injunction restraining and enjoining Defendants, their agents, servants and employees, representatives and from enforcing M.C.L. § 168.488 and MCL § 168.646(a) against Detroit Unity Fund and allow Detroit Unity Fund an additional thirty days from entry of this order to comply with the signature requirement;

(2) That Plaintiffs be granted all other just and proper relief as this Court may determine.

Respectfully submitted,

BUTZEL LONG, a professional corporation

By: */s/ Michael R. Griffie*
Michael R. Griffie (P79836)
150 West Jefferson, Suite 100
Detroit, MI 48226
(313) 225-7000
griffie@butzel.com

Dated: July 28, 2020          Attorneys for Plaintiffs

## VERIFICATION OF VIRGIL SMITH

STATE OF _____   )
                         ) ss
COUNTY OF _____  )

I, Virgil Smith, having first been duly sworn, depose and state that I am the Resident Agent of Detroit Unity Fund.; that I have read the foregoing Verified Complaint and know its contents; and that the statements of fact set forth in the foregoing Verified Complaint are true and accurate, except for the matters stated in the foregoing Verified Complaint to be upon information and belief, to the best of my knowledge, information, and belief.

_____
Virgil Smith

Subscribed and sworn to before me on July 28, 2020

_____
Notary Public

MAMIE L. ARMSTRONG
NOTARY PUBLIC, STATE OF MI
COUNTY OF OAKLAND
MY COMMISSION EXPIRES Jul 30, 2020
ACTING IN COUNTY OF Wayne

_____ County, _____
My commission expires: July 30, 2020
Acting in the County of Wayne

13